UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKUISHA GATES                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:18-CV-283-DPJ-LRA

NANCY A. BERRYHILL, ACTING                                                        DEFENDANT
COMMISSIONER OF SOCIAL SECURITY

ORDER

This social-security appeal is before the Court on the Report and Recommendation ("R&R") [14] of United States Magistrate Judge Linda R. Anderson. Plaintiff Chakuisha Gates appealed the final decision of the Social Security Administration denying her applications for a period of disability, disability insurance benefits, and social-security income. Judge Anderson recommended that the Court deny Gates's Motion for Summary Judgment [9], grant Defendant Nancy A. Berryhill's, acting Commissioner of Social Security ("Commissioner"), Motion to Affirm [11], dismiss Gates's appeal with prejudice, and enter final judgment in favor of the Commissioner. Gates timely filed Objections [15] to the R&R. For the following reasons, the Court adopts the R&R.[1]

Gates objects to Judge Anderson's conclusion that at step five of the sequential evaluation no direct or apparent conflict existed between the testimony of the Vocational Expert ("VE") and the Department of Labor's Dictionary of Occupational Titles ("DOT") for the Administrative Law Judge ("ALJ") to identify and resolve. Pl.'s Obj. [15] at 3. Gates also takes issue with two of Judge Anderson's related findings: (1) that if a conflict did exist, it was an

---

[1] Judge Anderson's R&R provides a detailed, accurate description of the general law that applies to social-security claims and the standards on appeal. This Order skips most of that and focuses instead on those aspects of the R&R that drew objections.

implied or indirect conflict, and (2) that Gates's failure to cross-examine the VE at the administrative hearing on the purported conflict forecloses her argument on appeal. *Id.* at 3–4. The Court will first address the alleged conflict, then turn to consider the waiver issue.

The ALJ assessed Gates's residual functional capacity ("RFC") as follows:

> the undersigned finds that the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she needs the option to sit or stand at will, but will not be off task for more than ten percent of the work period. The individual could perform simple, routine, and repetitive tasks, with only occasional interaction with the general public and coworkers.

Admin. R. [8] at 24. And during the hearing, the ALJ gave the VE a hypothetical consistent with that finding. *Id.* at 123. From this, the VE testified that Gates could perform the available occupation of a surveillance monitor. *Id.*

Gates says the VE's testimony failed to satisfy the Commissioner's burden at step five because her RFC limitation to simple, routine, and repetitive tasks conflicts with the DOT assessment of a surveillance monitor, which requires Level Three Reasoning. Pl.'s Obj. [15] at 3. Gates argues that the ALJ's opinion violated Social Security Policy Interpretation Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2, because neither the VE nor the ALJ accounted for this conflict. *Id.*

SSR 00-4P provides that:

> [o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

2000 WL 1898704, at *2; *see also Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (holding under SSR 00-4P an ALJ must inquire into "any possible conflict" between VE conclusions and

DOT). In this case, the VE testified about requirements of a surveillance monitor, and the ALJ asked the VE whether that testimony was consistent with the DOT. Admin. R. [8] at 123–24. The VE then answered in the affirmative. *Id.* at 124.

Notwithstanding this exchange at the administrative hearing, Gates believes there was still an apparent unresolved conflict the ALJ failed to address. Judge Anderson correctly concluded, however, that this Court follows the majority of this circuit's district courts in holding that an RFC limited to simple, routine, and repetitive tasks is not in apparent or direct conflict with a Level-Three-Reasoning occupation. R&R [14] at 6–7 (collecting cases). Gates acknowledges Judge Anderson's line of cases but objects and says that other judges in this district have held the opposite. Pl.'s Obj. [15] at 3 (citing *Jefferson v. Astrue*, No. 2:12-CV-5-KS-MTP, 2013 WL 12323489 (S.D. Miss. Jan. 29, 2013), *report & recommendation adopted*, 2013 WL 12323489 (S.D. Miss. Mar. 22, 2013); *Lloyd v. Astrue*, No. 1:11-CV-263-LG-RHW, 2012 WL 3685967 (S.D. Miss. June 21, 2012), *report & recommendation adopted*, 2012 WL 3655463 (S.D. Miss. Aug. 24, 2012).

The undersigned has twice considered the split of authority Gates relies on for this same issue and has twice followed the majority approach. *See Wilson v. Berryhill*, No. 3:15-CV-71-DPJ-LRA, 2017 WL 4247556, at *2 (S.D. Miss., Sept. 25, 2017); *see also Ruffin v. Colvin*, No. 3:16-CV-18-DPJ- LRA, 2017 WL 536549, at *4–5 (S.D. Miss. Feb. 8, 2017). Further, neither *Lloyd* nor *Jefferson* are binding. The Court therefore agrees with the R&R that there is no apparent or direct conflict. R&R [14] at 7.

The Court now turns to consider whether Gates nevertheless waived this argument by failing to raise it during the administrative hearing. Gates objects to Judge Anderson's conclusion that she waived her conflict argument when she failed to cross-examine the VE. Pl.'s

3

Obj. [15] at 3.  Specifically, Gates says although she failed to cross-examine the VE, she "raised the issue specifically with the ALJ" *after* the hearing.  *Id.* at 3–4.  Gates argues that it is "unreasonable to expect Plaintiff's counsel to know this information without research or to delay the hearing to search for it."  *Id.* at 4.  Thus, Gates suggests that raising the conflict with the ALJ after the hearing but before the order preserves the argument for appeal.

Gates raises an interesting question but offers no authority to support her preservation argument.  At least one circuit has held that the claimant must raise the discrepancy at the hearing; "a discrepancy [raised] only after the hearing, as [claimaint's] lawyer did, is too late."  *Donahue v. Barnhart*, 279 F.3d 441, 447 (7th Cir. 2002); *see also Stiles v. Berryhill*, 242 F. Supp. 3d 773, 781 (S.D. Ind. 2017) (citing *Donahue* and holding that "the forfeiture line is drawn at the conclusion of the hearing, not the issuance of the ALJ's decision").

The Fifth Circuit does not appear to have considered a case where the claimant raised the issue after the hearing.  But its holdings—and those from districts within the circuit—suggest that the question must be raised during the hearing:

> claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey v. Apfel*, 230 F.3d 131, 146–47 (5th Cir. 2000); *see also Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. June 6, 2008) (holding claimant waived conflict argument when "counsel had opportunity at the administrative hearing to cross-examine the VE . . . but opted not to do so"); *Haas v. Barnhart*, 91 F. App'x 942, 948 (5th Cir. 2004) (same); *Ruffin*, 2017 WL 536549, at *6 (collecting cases holding same).

Ultimately, the Court need not decide the issue. If the Fifth Circuit so chooses, the record would amply support an appellate holding. More significantly, the issue merely adds weight to the R&R. For the reasons stated above, the claim would fail even if properly preserved.

The Court has considered all arguments raised by Gates in her objection; those not addressed would not have changed the outcome. The Court finds that the Report and Recommendation [14], excluding the waiver conclusion, should be adopted as the opinion of the Court; Gates's motion for summary judgment [9] is denied; and the Commissioner's motion to affirm [11] is granted. The decision of the Commissioner is affirmed, and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 9th day of August, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE